UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ALAN JEROME HUGHES, | ) |
| Plaintiff | ) |
| vs. | ) CAUSE NO. 3:07-CV-617RM |
| CORRECTIONAL MEDICAL SERVICES, *et al.*, | ) |
| Defendants | ) |

OPINION AND ORDER

Alan Hughes, a prisoner confined at the Indiana State Prison, submitted a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his federally protected rights by denying or delaying prescribed medical treatment. The court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006).

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy RULE 8's notice pleading minimum and RULE 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a RULE 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atl. Corp. v. Twombly, ___ U.S. ___, ___; 127 S.Ct. 1955, 1964-65 (2007) (quotation marks, ellipsis, citations and footnote omitted).

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, RULE 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at n.3 (quotation marks and citation omitted). Furthermore, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*, 127 S.Ct. at 1965, citing Papasan v. Allain, 478 U.S. 265, 286 (1986) (quotation marks omitted).

Mr. Hughes brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. Bell v. City of Milwaukee, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of

the United States, and must show that a person acting under color of state law committed the alleged deprivation. West v. Atkins, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. Baker v. McCollan, 443 U.S. 137, 140 (1979).

Mr. Hughes says he has been diagnosed with several serious medical problems, including severe prostate condition, hiatal hernia, diabetes, and neuropathy. He asserts that doctors have prescribed him treatment for each of these medical conditions but that the defendants have denied or delayed his prescribed treatment, causing him pain and creating complications.

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294 (1991). In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976). Eighth Amendment principles prohibit prison officials "from intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Gil v. Reed, 381 F.3d 649, 664 (7th Cir. 2004).

Deliberate indifference is comparable to criminal recklessness, Farmer v. Brennan, 511 U.S. at 837, and is shown by "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." Duane v. Lane, 959 F.2d 673, 677 (7th Cir. 1992), citing McGill v. Duckworth, 944

3

F.2d at 347. A defendant must have "actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." Duckworth v. Franzen, 780 F.2d 645, 653 (7th Cir. 1986). Obduracy and wantonness rather than inadvertence or mere negligence characterize conduct prohibited by the Eighth Amendment. McNeil v. Lane, 16 F.3d 123, 124 (7th Cir. 1994). "To state a claim under the Eighth Amendment, (a plaintiff) must, at minimum, allege facts sufficient to establish that the defendants possessed a total unconcern for (his) welfare in the face of serious risks." McNeil v. Lane, 16 F.3d 123, 124 (7th Cir. 1994) (citations omitted).

In paragraph four of his complaint, Mr. Hughes alleges that Nurses Bretta, Scott, Brenda, Gee-Gee, Michelle, Amanda, Carrie Gault, and Jammie work in the medication room, are responsible for ordering medications that have been prescribed for inmates, and for ensuring that the inmates receive their medications. He alleges that these nurses have consistently failed to order and reorder medications prescribed for him in a timely fashion. He specifically alleges that these nurses are aware that it takes days or weeks to reorder medications, but they refuse to even consider reordering his medication until his current prescription has expired — which inevitably results in his not having his medications for long periods of time. As a result of not having his prescribed medications for long periods of time, Mr. Hughes states that he has experienced great pain and suffering, adverse reactions, and complications to his medical conditions.

"Fed. R. Civ. P. 8 establishes a system of notice pleading," and a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" Nance v. Vieregge, 147 F.3d

4

589, 590 (7th Cir. 1998), quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Giving Mr. Hughes the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that he can prove no set of set of facts consistent with his claim that these nurses denied or delayed him prescribed medical treatment and that he suffered actual harm from their refusal to provide him timely treatment.

In paragraphs five and six of his complaint, Mr. Hughes asserts that a doctor has ordered that he have assistance from the medical staff or that he be allowed to catherize himself if he is unable to urinate. He alleges that Nurse Tammy and Nurse Judy have on several occasions "refused to honor the doctor's orders and adhere to my medical needs," (Complaint at p. 7). He also alleges that as a result of their refusal to follow the doctor's orders, he suffered pain and developed a severe infection. Giving Mr. Hughes the benefit of the inferences to which he is entitled at the pleadings stage, he has stated a claim against these defendants upon which relief could be granted.

In paragraphs one, two, and three of his complaint, Mr. Hughes asserts that Carla Foster, Mrs. Gomez, and Nurse Crystal are supervisors of nurses at the facility. He alleges that he informed these supervisors that he was not receiving medication refills because the medication room nurses consistently refused to reorder his medication in a timely fashion and that their failure was causing him pain and other complications. He also states that he informed Mrs. Gomez that nurses Tammy and Judy were refusing to "catherize" him. He alleges that defendants Foster, Gomez, and Crystal did not require their subordinate nurses to provide him with his prescribed treatment.

Section 1983 creates a cause of action for damages based on personal liability. A person cannot be held liable under § 1983 unless the person was personally involved in the

alleged wrongdoing. A plaintiff must allege facts showing the defendant's participation or direct responsibility for the conditions of which he complains, Starzenski v. City of Elkhart, 87 F.3d 872, 879 (7th Cir. 1996), by demonstrating a causal link between the defendant's conduct and the plaintiff's injury. Benson v. Cady, 761 F.2d 335, 339 (7th Cir. 1985). To be personally liable for a subordinate's acts, a supervising official "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." Jones v. Drew, 2007 WL 737359, at *3 (7th Cir. 2007), citing Johnson v. Snyder, 444 F.3d 579, 583 (2006).  Mr. Hughes alleges that he placed these supervisors on notice that their subordinates were not providing him with needed treatment causing him to suffer, that the supervisors did not act to ensure that he received his prescribed care, and that they were therefore personally involved in his not receiving the care prescribed for him. Though there may well be valid reasons for these supervisors' inaction, giving Mr. Hughes the benefit of the inferences to which he is entitled at the pleadings stage, he has stated a claim against them upon which relief could be granted.

     In paragraph eight and nine of his complaint, Mr. Hughes says he is a diabetic with circulatory problems and State-issued boots cause him to develop sores on his feet. He alleges that Dr. Meyers has prescribed him with a pair of tennis shoes or special boots to deal with this problem. He further alleges that although Nurse Diane Kammensly ordered him a pair of proper fitting boots, he has been unable to obtain these prescribed boots. He states that defendants Howard Morton and Edward Shadley "know that I was in need of shoes and that I was walking in the snow and rain shoeless in open shower shoes yet refused to help me rectify the matter." (Complaint at p. 8). He alleges that Superintendent Ed Buss was also personally aware of this and other problems and refused his requests for

assistance. Giving Mr. Hughes the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that Mr. Hughes can prove no set of set of facts consistent with his claim that these defendants refused to help him receive prescribed treatment.

In paragraph seven of his complaint, Mr. Hughes alleges that Correctional Medical Services ("CMS") has contracted with the Indiana Department of Correction ("IDOC") to provide medical services to inmates at the Indiana State Prison. He alleges that policy decisions by CMS led to many of the problems he has had getting timely and adequate treatment for his serious medical needs. "As a state . . . grantee, acting for the government in carrying out a government program in accordance with government regulations, [the defendant is] a person 'acting under color of state law.'" Dubbs v. Head Start, Inc., 336 F.3d 1194, 1216, n.13 (10th Cir. 2003). See also Ancata v. Prison Health Services, 769 F.2d 700 (11th Cir. 1985) (corporation acting on behalf of a county is a person). So, though there may well be valid reasons for the CMS's alleged actions, giving Mr. Hughes the benefit of the inferences to which he is entitled at the pleading stage of the proceeding, he has stated a potential claim against Correctional Medical Services.

In paragraph ten Mr. Hughes states that Pharmacor Pharmacy is under contract with the DOC to prescriptions for inmates at the prison and that it has required a co-pay for filling prescriptions. "Co-pay" policies under which inmates must bear part of the cost of their treatment have been upheld as constitutional so long as the co-pay doesn't interfere with timely and effective treatment of serious medical needs. Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404 (9th Cir. 1985); Johnson v. Dept. of Public Safety and Correctional Services, 885 F. Supp. 817 (D.Md. 1995). If Pharmacor kept Mr. Hughes from

7

obtaining medicine for a serious medical need because he could not afford it, that might state a claim upon which relief can be granted. But Mr. Hughes doesn't allege that. Mr. Hughes alleges that the way the nurses deal with his medication requests has resulted in delay in filling prescriptions, but the doctrine of *respondeat superior* has no application to § 1983 actions, and Pharmacor is not responsible for the actions of individual nurses

For the foregoing reasons, the court:

(1) GRANTS the plaintiff leave to proceed against defendants Bretta, Scott, Brenda, Gee-Gee, Michelle, Amanda, Carrie Gault, Jammie, Tammy, Judy, Carla Foster, Mrs. Gomez, Nurse Crystal, Howard Morton, Edward Shadley, Ed Buss, and the Correctional Medical Services in their personal capacities for damages and in their official capacities for injunctive relief on his Eighth Amendment claims that they were deliberately indifferent to his serious medical needs;

(2) DISMISSES, pursuant to 28 U.S.C. § 1915A(b)(1), Pharmacor Pharmacy, and DISMISSES the claims presented in paragraph ten of the complaint;

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), ORDERS that, upon service of process upon them, the defendants are to respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(4) DIRECTS the marshals service to effect service of process on Nurses Bretta, Scott, Brenda, Gee-Gee, Michelle, Amanda, Carrie Gault, Jammie, Tammy, and Judy, Carla Foster, Mrs. Gomez, Nurse Crystal, Howard Morton, Edward Shadley, Edward Buss, and Correctional Medical Services, and DIRECTS the clerk's office to ensure that a copy of this order is served on them along with the summons and complaint

SO ORDERED.

ENTERED: June  5 , 2008

                            /s/ Robert L. Miller, Jr.  
                          Chief Judge  
                          United States District Court