UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ALAN JEROME HUGHES, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | CAUSE NO. 3:07-CV-617 RM |
| ) | |
| CORRECTIONAL MEDICAL ) | |
| SERVICES, *et al.*, ) | |
| ) | |
| Defendants ) | |

OPINION AND ORDER

Alan Hughes, a prisoner currently confined at the New Castle Correctional Facility, filed (and the court screened pursuant to 28 U.S.C. § 1915A ) a complaint under 42 U.S.C. § 1983, alleging that several defendants violated his federally protected rights while he was housed at the Indiana State Prison. Defendants Howard Morton, Edward Shadley, and Edward Buss ("State Defendants") filed a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(1) and (6), and 28 U.S.C. § 1915(g). The State Defendants assert that Mr. Hughes has accumulated three "strikes" under § 1915(g) and that "(b)ecause of this, the present lawsuit is barred and the action must be dismissed in its entirety." (Docket #30 at p. 5). The plaintiff hasn't responded. For the reasons set forth in this memorandum, the court denies the defendants' motion to dismiss, but reconsiders the plaintiff's pauper status under 28 U.S.C. § 1915(b).

A prisoner may not "bring a civil action or appeal a judgment in a civil action or proceeding under this section [§ 1915] if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or fails

to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This is commonly known as the "three strikes" provision.

In Abdul-Wadood v. Nathan, 91 F.3d 1023, 1025 (7th Cir. 1996), the court of appeals explained that the "three strikes" provision applies only to cases filed and appeals taken after the third strike is received. Any then pending cases or appeals must be resolved on the merits. When the court dismisses some claims or defendants from a complaint based on the grounds set forth in § 1915(g), it counts as a strike. George v. Smith, 507 F.3d 605, 607-8 (7th Cir. 2007), citing Boribourne v. Berge, 391 F.3d 852, 855 (7th Cir. 2004). In George v. Smith, the court noted that the district court had "assumed that a single non-frivolous claim in a blunderbuss complaint made the suit as a whole non-frivolous," thus avoiding a strike. George v. Smith, 507 F.3d at 607. In Boribourne, the court noted that "When *any claim* in a complaint or appeal is 'frivolous, malicious, or fails to state a claim upon which relief can be granted,' all plaintiffs incur strikes." Boribourne v. Berge, 391 F.3d at 855. In George, the plaintiff was allowed to proceed on some claims while other claims were dismissed. The court of appeals held that "George thus incurs two strikes in this litigation — one for filing a complaint containing a frivolous claim, another for an appeal raising at least one frivolous objection to the district court's ruling." George v. Smith, 507 F.3d at 608.

When it initially reviewed Mr. Hughes's submissions, the court was unaware that he had accumulated three strikes by the time that he signed his complaint. The State Defendants cite the court to the dockets in three cases: Hughes v. Todd et al., INND 3:98cv3 AS; Hughes v. Anderson et. al., INSD 1:03cv1157 LJM, and Hughes v. Wilkins et. al.

2

3:05cv773 JM. Review of the dockets in these cases establishes that before he filed the complaint in this case Mr. Hughes already had accumulated more than three strikes from claims dismissed in screening orders pursuant to § 1915A and from frivolous appeals.

The State Defendants assert that because he has accumulated three strikes "the present lawsuit is barred and the action must be dismissed in its entirety." (Docket #30 at p. 5). But § 1915(g) doesn't prohibit a three struck inmate from filing new complaints — a prisoner who has struck out may file as many complaints as he wishes. Section 1915(g) does, however, preclude a three struck inmate from using the installment payment mechanism of § 1915(b) unless he is under imminent danger of serious physical injury. <u>Abdul-Wadood v. Nathan</u>, 91 F.3d at 1025 (an inmate with three or more "strikes" "can use the partial prepayment option in § 1915(b) only if in the future he 'is under imminent danger of serious physical injury'"). A three struck inmate who is not under imminent danger of serious physical injury must pre-pay the full filing fee.

When it initially reviewed Mr. Hughes's submissions, the court was unaware that he had accumulated three strikes at the time that he signed his complaint. That is to say that, unless Mr. Hughes is under imminent danger of serious physical injury, this court erroneously granted him leave to proceed in forma pauperis in its order of March 6, 2008 (docket # 9). Because Mr. Hughes has accumulated three strikes, the court reviews the claims presented in his complaint pursuant to § 1915(g).

"In order to meet the imminent danger requirement of 28 U.S.C. § 1915(g), the 'threat or prison conditions [must be] real and proximate.' When prisoners seeking to avoid the three strikes provision 'allege only a past injury that has not recurred, courts deny them

3

leave to proceed IFP.'" Ciarpaglini v. Saini, 352 F.3d at 330, *citing* Lewis v. Sullivan, 279 F.3d 526, 529 (7th Cir. 2002). "Allegations of past harm do not suffice; the harm must be imminent or occurring" at the present time. *Id.* at 330. When inmates "allege only a past injury that has not recurred, courts deny them leave to proceed IFP." *Id.* at 330, citing Abdul-Akbar v. McKelvie, 239 F.3d 307 (3rd Cir. 2001) (being sprayed with pepper spray once does not constitute imminent danger).

Mr. Hughes's allegations that survived screening are that officials at the Indiana State Prison were deliberately indifferent to his serious medical needs. But Mr. Hughes is currently confined at the New Castle Correctional Facility, so his allegations concerning events at the Indiana State Prison don't place him under a present imminent danger of serious physical injury; officials at the Indiana State Prison have no part in his current medical care. Accordingly, § 1915(g) mandates that the court deny Mr. Hughes leave to proceed *in forma pauperis*. He may still proceed with this case, but to do so he must pay the full amount of the filing fee. Because he has already paid $10.52 toward the filing fee, he still owes $339.80.

For the foregoing reasons, the court:

(1) DENIES defendants Howard Morton, Edward Shadley, and Edward Buss's motion to dismiss (docket # 29);

(2) RECONSIDERS the plaintiff's *in forma pauperis* status, finds that he has accumulated three "strikes" within the meaning of 28 U.S.C. § 1915(g), and finds that his allegations concerning events at the Indiana State Prison do not place him under current imminent danger of serious physical injury; and

(3) REVOKES the finding that the plaintiff may proceed *in forma pauperis* in this action pursuant to 28 U.S.C. § 1915(b), DENIES the plaintiff leave to proceed *in forma pauperis*, AFFORDS him to and including October 1, 2008, within which to pay the remainder of the filing fee ($339.48), and advises him that if he does not pay the filing fee by that date, this complaint may be dismissed without prejudice and further notice without affecting his obligation to pay the filing fee.

SO ORDERED.

ENTERED: September  2 , 2008

                                           /s/ Robert L. Miller, Jr.
                                          Chief Judge
                                          United States District Court